UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ULILUS GRANT DUBARD,

                    Plaintiff,

                                                    CASE NO. 10-12740
v.                                                  HON. MARIANNE O. BATTANI
                                                    MAGISTRATE JUDGE MAJZOUB
ERIC BUCKBERRY,
FARMINGTON HILLS POLICE DEPARTMENT,
FARMINGTON HILLS FIRE DEPARTMENT
PARAMEDIC JOHN DOE, and RICHARD YOUNG,

                    Defendants.

_____/

## ORDER OF PARTIAL DISMISSAL

### I.  Introduction

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §

1983.  Plaintiff Ulilus Grant Dubard is an inmate at Pine River Correctional Facility in St.

Louis, Michigan.  Defendants are:  the Farmington Hills Police Department; Police

Officer Eric Buckberry of the Farmington Hills Police Department; an unnamed

paramedic ("John Doe") employed by the Farmington Hills Fire Department; and

Richard Young, a private citizen.

    The complaint alleges that, on May 21, 2009, defendant Buckberry attempted to

stop Plaintiff's vehicle during a high speed chase.  After Plaintiff's vehicle collided with

another vehicle, he ran away from the scene of the crash.  Defendant Buckberry then

enlisted the assistance of defendant Richard Young, who tackled Plaintiff to the ground.

Defendant Buckberry struck Plaintiff in the chest with the use of a taser and arrested

him.  Plaintiff later complained that he was in pain and that his left leg was probably broken.  At the jail, paramedic John Doe provided ice for Plaintiff's injured leg and treated the cuts on Plaintiff's hand.  About ten hours later, Plaintiff was transported to Botsford Hospital where he was told that his leg was, in fact, broken.  However, because his leg was severely swollen, staff at the hospital were prevented from setting the leg.  Weeks later, Plaintiff underwent surgery and had a metal plate inserted in his leg.

Plaintiff claims that defendant Buckberry disobeyed an order to terminate the high speed chase and caused Plaintiff's pain and suffering.  Plaintiff further alleges that the defendants were negligent, deprived him of proper medical treatment, and violated his right to be free from cruel and unusual punishment.  He seeks money damages.

## II.  Standard of Review

Section 1983 of Title 42, United States Code, reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law."  Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009) (citing Dominguez v. Corr. Med. Serv., 555 F.3d 543, 549 (6th Cir. 2009)).

When, as here, the prisoner has been granted leave to proceed without

prepayment of the fees and costs for his lawsuit, the Court may dismiss a complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal and end citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. (citations and footnote omitted).

### III.  Discussion

The Court will treat Plaintiff's claim against the Farmington Hills Police Department as a claim against the city of Farmington Hills.  See Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability.").  Although "municipalities are 'persons' subject to suit under § 1983," Garner v. Memphis Police Dept., 8 F.3d 358, 363 (6th Cir. 1993), they

> are not . . . liable for every misdeed of their employees and agents.
> "Instead, it is when execution of a government's policy or custom, whether
> made by its lawmakers or by those whose edicts or acts may fairly be said

3

to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." [Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 694 (1978)]. [The Sixth Circuit Court of Appeals] has stated that to satisfy the Monell requirements a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir.1987) . . . .

Garner, 8 F.3d at 363-64.[1]

Plaintiff alleges that the defendants deprived him of his constitutional rights through the use of an official state regulation, custom, and usage. However, he has not identified a specific regulation, custom, or policy, nor connected a regulation, custom, or policy to the city of Farmington Hills or its police and fire departments. He also has not shown that his injury was incurred as a result of an official regulation, custom, or policy. Consequently, he has not stated a claim against the Farmington Hills Police Department or the Farmington Hills Fire Department.

Plaintiff also has not stated a claim against defendant Richard Young. Even if the Court were to assume that Young was acting under color of law when he assisted defendant Buckberry, Plaintiff has not alleged what Young did to violate his civil rights. The facts, as alleged, fail to shown that Young broke Plaintiff's leg or was responsible for treatment of the leg, and "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations." Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842 (6th Cir. 2002). The complaint must "allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant

---

[1] To the extent that Plaintiff has sued the Farmington Hills Fire Department, the same rules apply.

4

did to violate the asserted right." Id. (emphasis in original).

## IV. Conclusion

The allegations against defendants Richard Young and the Farmington Hills Police and Fire Departments are frivolous and fail to state a claim for which relief may be granted. Accordingly, Young and the Farmington Hills Police and Fire Departments are summarily **DISMISSED** from this lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff has stated an arguable claim against defendant Eric Buckberry and against the unnamed paramedic who treated Plaintiff. Therefore, the United States Marshal is ordered to serve the appropriate papers on defendant Eric Buckberry without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.[2]

Plaintiff is **ORDERED** to serve a copy of all future documents on defendants Buckberry and John Doe or on counsel if legal counsel represents those defendants. Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that he mailed a copy of the original document to the defendants or to defense counsel. The Court will disregard any paper received by a district judge or a magistrate judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

---

[2] It is Plaintiff's responsibility to identify John Doe, Feliciano v. DuBois, 846 F. Supp. 1033, 1048 (D. Mass. 1994), and to provide the proper address for John Doe, Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993). After Plaintiff has properly identified John Doe, the Court may order the United States marshal or a deputy marshal to direct service of the complaint on him. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).

s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

Dated: August 10, 2010


                              CERTIFICATE OF SERVICE

       I hereby certify that on the above date a copy of this Order was served upon the
Plaintiff via ordinary U.S. Mail and/or electronically.

                                        s/Bernadette M. Thebolt
                                        Case Manager