UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ULILUS DUBARD,**

        **Plaintiff,**                         **CIVIL ACTION NO. 10-CV-12740**

    **vs.**

                                    **DISTRICT JUDGE MARK A. GOLDSMITH**

**ERIC BUCKBERRY, et al.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION:** Dismiss without prejudice Defendant John Doe paramedic pursuant to Fed. R. Civ. P. 4(m).

**II. REPORT:**

    Plaintiff filed the instant civil rights complaint on July 12, 2010. (Docket no. 1). On July 14, 2010 Plaintiff was allowed to proceed *in forma pauperis*. (Docket no. 4). Plaintiff named a John Doe Defendant paramedic in his complaint. On February 17, 2011 this Court entered an Order for Plaintiff to show cause why the John Doe Defendant should not be dismissed due to lack of service of process. (Docket no. 11). Plaintiff failed to respond, and the time for responding has now expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 8). This matter is now ready for ruling.

    The time for service of the summons and complaint is established under Fed. R. Civ. P. 4(m) which provides that service must be made within 120 days after the filing of the complaint. "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant

or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Plaintiff has not identified the John Doe Defendant so that service could be effected within the time allowed under Rule 4(m).  By failing to respond in any way to the Court's Order to Show Cause, Plaintiff has failed to show cause why this Defendant should not be dismissed from this action.  Defendant John Doe paramedic should therefore be dismissed without prejudice.

### III.  **<u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: March 23, 2011                          s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Ulilus Dubard and Counsel of Record on this date.

Dated: March 23, 2011                          s/ Lisa C. Bartlett
                                               Case Manager