UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ULILUS DUBARD,

        Plaintiff,                    CIVIL ACTION NO. 10-CV-12740

vs.

                                     DISTRICT JUDGE MARK A. GOLDSMITH

ERIC BUCKBERRY, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**: This Court recommends that Defendant Buckberry's Motion To Dismiss Plaintiff's Complaint For Failure To Comply With Discovery Order (docket no. 18) be **GRANTED** and Plaintiff's case be dismissed.

In light of the above recommendation, Defendant Buckberry's Motion For Summary Judgment (docket no. 19) should be denied as moot without prejudice to the motion being reconsidered should the above recommendation not be adopted.

**II.**     **REPORT:**

This matter comes before the Court on the Motion To Dismiss Plaintiff's Complaint For Failure To Comply With Discovery Order filed by Defendant Buckberry on May 19, 2011 (docket no. 18), and the Motion For Summary Judgment filed by Defendant Buckberry on June 20, 2011 (docket no. 19). Plaintiff did not file a response to either motion and the time for responding has expired. All pretrial matters have been referred to the undersigned for decision. (Docket no. 8). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The

1

motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging *inter alia* that Defendant police officer Eric Buckberry used excessive force during a high-speed chase and acted with deliberate indifference to Plaintiff's medical needs. Defendant Buckberry served his First Set of Interrogatories and First Requests for Production of Documents to Plaintiff on October 28, 2010. (Docket no. 12, ex. A). On March 15, 2011, after Plaintiff failed to serve written responses or objections to the discovery requests, Defendant Buckberry filed a Motion To Compel Discovery. (Docket no. 12). Plaintiff did not file a response to the Motion To Compel. Consequently, on April 21, 2011 this Court entered an order granting in part Defendant Buckberry's Motion To Compel, and directing Plaintiff to serve on Defendant Buckberry full and complete responses to Defendant's discovery requests by May 11, 2011. (Docket no. 16). The order warned Plaintiff that his claims against Defendant Buckberry may be dismissed if he failed to comply with the order. (Docket no. 16).

On May 19, 2011 Defendant Buckberry filed the instant Motion To Dismiss Plaintiff's Complaint For Failure To Comply With Discovery Order. (Docket no. 18). In this motion, Defendant Buckberry states that Plaintiff failed to comply with the Court's April 21, 2011 discovery order and has to date not served any responses or objections to Defendant's discovery requests. Defendant Buckberry asks the Court to dismiss Plaintiff's complaint for failure to comply with the Court's discovery order and for failure to prosecute in accordance with Federal Rules of Civil Procedure 37(b)(2)(A)(v) and Rule 41(b). Since Defendant Buckberry is the last remaining Defendant in this case, dismissal of Plaintiff's claims against him will result in dismissal of Plaintiff's complaint.

Plaintiff failed to respond to the present Motion to Dismiss and therefore has not demonstrated that he served written responses and objections to the discovery requests in accordance with the April 21, 2011 order. The discovery deadline in this case was May 2, 2011. (Docket no. 10). Plaintiff has not filed a motion asking for an extension of time in which to comply with the Court order nor has he requested an amendment of the Scheduling Order. In addition, the Court notes that Plaintiff has not filed a final witness list even though he was required to do so by April 1, 2011. (Docket no. 10).

On June 20, 2011 Defendant Buckberry filed a Motion For Summary Judgment. (Docket no. 19). The proof of service attached to the Motion For Summary Judgment shows that Defendant Buckberry mailed a copy of the motion to Plaintiff at the Pine River Correctional Facility on June 20, 2011. (Docket no. 19). Plaintiff has not filed a response to the motion.

In reviewing Defendant Buckberry's motions, the Court has discovered that Plaintiff was paroled on June 21, 2011. *See* Michigan Department of Corrections Offender Tracking Information System ("OTIS") Profile for Ulilus Grant Dubard. Given the date of his parole and the date the Motion For Summary Judgment was mailed to him at the Pine River Correctional Facility, it is unlikely that Plaintiff received a copy of Defendant Buckberry's Motion For Summary Judgment before his parole. Despite his release from prison more than three months ago, Plaintiff has not provided the Court with an updated mailing address.

Federal Rule of Civil Procedure 37(b)(2)(A)(v) authorizes the Court to order sanctions if a party fails to obey a discovery order, including ordering the action to be dismissed in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal of the action based on the failure of the plaintiff to prosecute or to comply with

3

the Federal Rules or any order of the court.  Fed. R. Civ. P. 41(b).  Dismissal of an action is a sanction of last resort.  *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir.1985).  In deciding whether to dismiss a case the Court looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's conduct; (3) whether the violating party had notice of the potential sanction; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir.1998); *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir.2010).

The record in this case supports the sanction of dismissal.  First, Plaintiff was served with copies of Defendant Buckberry's discovery requests, his Motion To Compel Discovery, the Court's April 21, 2011 order granting in part the Motion To Compel Discovery, and the Court's Scheduling Order.  Notwithstanding that none of these documents were returned to Defendant Buckberry or to the Court as undeliverable or unclaimed, Plaintiff failed to respond or otherwise contact Defendant Buckberry or the Court on any of these issues.  The Court can only surmise from Plaintiff's silence that his failure to respond to any of these matters, including his failure to comply with the Court's April 21, 2011 order, is willful.

Defendant Buckberry has been prejudiced by Plaintiff's conduct because he has been unable to obtain responses to any of his discovery requests before the close of discovery.  Furthermore, since Plaintiff has not provided the Court with an updated mailing address, Defendant Buckberry has no means of contacting Plaintiff to re-serve his original requests or serve new discovery requests on Plaintiff even if the Court were to extend the discovery deadline.

In its order compelling discovery the Court issued a clear warning to Plaintiff that his failure

4

to comply with the discovery order may result in dismissal of his claims against Defendant Buckberry. Finally, given Plaintiff's history of failing to respond to motions and orders in this case, coupled with the fact that Plaintiff has not provided the Court with his current mailing address, it is the Court's conclusion that a sanction less drastic than dismissal would prove to be unavailing.

The Court recommends that Defendant Buckberry's Motion To Dismiss Plaintiff's Complaint For Failure To Comply With Discovery Order (docket no. 18) be granted and Plaintiff's case be dismissed. Because it is not clear whether Plaintiff received a copy of Defendant Buckberry's Motion For Summary Judgment, the Court declines to review the merits of that motion and instead recommends that it be dismissed as moot without prejudice to the motion being reconsidered should this Report and Recommendation not be adopted.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 3, 2011		s/ Mona K. Majzoub
					MONA K. MAJZOUB
					UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Ulilus Dubard and Counsel of Record on this date.

Dated: October 3, 2011		s/ Lisa C. Bartlett
					Case Manager